United States District Court
Southern District of Texas
**ENTERED**
December 30, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN A. VALLAIR, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3272 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Texas state inmate John A. Vallair, III filed a petition for a writ of habeas corpus challenging a denial of parole. The respondent moved for summary judgment, and Vallair responded to the motion. Based on the pleadings, the motion for summary judgment, the briefs, the record, and the applicable law, the court grants the respondent's motion for summary judgment and, by separate order, enters final judgment. The reasons are set out below.

**I.     Background**

Vallair is serving a life sentence for aggravated assault. He was denied parole in 2014, 2017, and 2019. Motion for Summary Judgment, (Docket Entry No. 19), Exhibit A. Vallair filed a state habeas corpus petition challenging the denial of parole in September 2019. *See* Docket Entry No. 20-13 at 63. The Texas Court of Criminal Appeals denied the application, without written order, on the findings of the trial court, in March 2020. Docket Entry No. 20-10. Vallair filed this federal petition in August 2020. Docket Entry No. 1 at 10.

**II.    The Standard for Summary Judgment**

Title 28, Section 2254(d) of the United States Code imposes a deferential standard that allows a federal court to grant habeas relief only if the state court adjudicated a constitutional claim

contrary to, or unreasonably applied, clearly established federal law, as determined by the Supreme Court, *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2002)), or if the state-court decision unreasonably determined the facts in light of the record. *Id*. The § 2254(d) standard is high.

A state-court decision can be contrary to established federal law if the state court applies a rule that contradicts Supreme Court precedent, or if the state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent but reaches an opposite result. *Williams*, 529 U.S. at 405–06. A state court unreasonably applies Supreme Court precedent only if the correct precedent is unreasonably applied to the facts of a particular case. *Id*. at 407–09.

A federal habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision," and then ask whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington* 562 U.S. at 87. "A state-court determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Id* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The federal habeas court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.   Analysis

#### A.   Statute of Limitations

The respondent argues that any claims concerning the denial of parole in 2014 and 2017 are barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act, a state prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,*

294 F.3d 674, 679 (5th Cir. 2002). The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute of limitations is extended during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

In his response to the motion for summary judgment, Vallair explains that he refers to the two earlier denials only to show a pattern by the Parole Board. It appears that he is not challenging the denials in 2014 and 2017. If this understanding is incorrect and Vallair does intend to challenge the earlier denials, those claims are barred by the statute of limitations.

The factual predicate of any claim concerning the denial of parole is discoverable on the date that the denial occurs. Vallair does not claim that he sought state habeas corpus relief on the 2014 and 2017 denials, and he did not file a state habeas corpus application challenging a parole denial until 2019, by which time the statute of limitations on the 2014 and 2017 denials had already expired. Any claims concerning the 2014 and 2017 denials of parole are barred by limitations.

### B.    The 2019 Parole Denial

Vallair appears to argue that the denial of parole in 2019 violated his constitutional protection against double jeopardy and his right to the equal protection of the law, and subjected him to cruel and unusual punishment.

#### 1.    Double Jeopardy

The double jeopardy clause protects against the imposition of multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grds. by*

*Alabama v, Smith*, 490 U.S. 794 (1989).  The denial of parole is not an additional punishment.  *See Sandoval v. Stephens*, 2016 WL 1045577 (S.D. Tex. Feb. 16, 2016) (and cases cited therein).

In his response to the motion for summary judgment, Vallair appears to disavow any double jeopardy claim, arguing instead that the denial of parole is analogous to double jeopardy because it "has put him in a position to be given another life sentence."  Response, (Docket Entry No. 27), at 2.  He does not explain how the denial of an early release from his sentence subjects him to an additional sentence.  Any claim that the denial of parole violated Vallair's protection against double jeopardy is without merit.

### 2. Equal Protection

Vallair contends that he has been denied equal protection because other inmates have been granted parole and he has not.  To show an equal protection violation, Vallair "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992) (citing *McCleskey v. Kemp*, 481 U.S. 279 (1987)).  Vallair offers only a conclusory allegation that another inmate was granted parole, but he offers no evidence that the other inmate was similarly situated.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### 3. Cruel and Unusual Punishment

In his third and final claim for relief, Vallair contends that the Parole Board's discretion to grant or deny parole violates the Eighth Amendment ban on cruel and unusual punishment.  Vallair

cites no authority supporting this claim. The Fifth Circuit has expressly held "that there is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). This claim is without merit.

IV.     **Evidentiary Hearing**

Vallair also filed a motion for an evidentiary hearing, (Docket Entry No. 22). An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims." *Williams v. Taylor*, 529 U.S. 420, 436 (2000) (stating that it was "Congress' intent to avoid unneeded hearings in federal habeas corpus"); *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rules Governing Section 2254 Cases R. 8.

Vallair has not demonstrated any factual dispute that would entitle him to relief. *See Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Each of Vallair's claims can be resolved by reference to the record, the submissions of the parties, and relevant legal authority. There is no basis upon which to hold an evidentiary hearing on these claims.

V.      **Certificate of Appealability**

A certificate of appealability may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

This court carefully considered Vallair's claims for relief and the criteria for a certificate of appealability. Jurists of reason would not find the court's conclusions debatable. Vallair has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

### VI.  Conclusion and Order

The respondent's motion for summary judgment, (Docket Entry No. 19), is granted, and John A. Vallair, III's petition for a writ of habeas corpus, (Docket Entry No. 1), is denied and is dismissed with prejudice. Vallair's motion for an evidentiary hearing, (Docket Entry No. 22), is denied. No certificate of appealability is issued. Final judgment is entered separately.

SIGNED on December 29, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge